IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MICHAEL A. WALKER JR., On behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CHIMNEY SOLUTIONS, INC., JOHN SUSONG & CHRISTIAN LEBLANC,<br><br>Defendants. | Civil Action File No.: |

## **COMPLAINT**

COMES NOW Plaintiff, Michael A. Walker, by and through his undersigned counsel, and files this lawsuit against Chimney Solutions, Inc. ("Chimney Solutions"), John Susong and Christian LeBlanc, on behalf of himself and all others similarly situated, pursuant to Section 216(b) of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.*, as amended (hereinafter "FLSA" or "the Act"), and in support thereof would further state as follows:

### I.   Introduction

1. The instant action arises from Defendants' violations of Plaintiff's rights under the Fair Labor Standards Act, including, but not limited to, the collective action provision of the Act found at Section 216(b) to remedy violations of the

overtime provisions of the FLSA by Defendants which have deprived Plaintiff, as well as others similarly situated to the named Plaintiff, of their lawful overtime wages.

2. Other current and former employees of Defendants are also entitled to receive overtime compensation for the reasons alleged in this Complaint. The above-named Plaintiff is permitted to maintain this action "for and on behalf of themselves and other employees similarly situated." 29 U.S.C. § 216(b). Any similarly situated employee wishing to become a party plaintiff to this action must provide "his consent in writing to become such a party," and such consent must be filed with this Court. 29 U.S.C. § 216(b).

3. This action is brought to recover unpaid overtime compensation owed to the Plaintiff and all current and former employees of Chimney Solutions who are similarly situated to the Plaintiff, pursuant to the FLSA. The Plaintiffs and the collective group similarly situated are or have been employed by Defendants, working as service technicians for Chimney Solutions.

4. For at least three years prior to the filing of this Complaint, Defendants have committed widespread violations of the FLSA by failing to compensate non-exempt employees at an overtime rate for all hours worked in excess of 40 hours in a given workweek, including, but not limited to, the time Plaintiff

spent travelling to, between, and from customers on behalf of Chimney Solutions.

5. Plaintiff and all similarly situated employees who elect to participate in this action seek unpaid overtime compensation for work performed, an equal amount of liquidated damages, attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

## II. Jurisdiction and Venue

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 29 U.S.C. § 216(b) (FLSA).

7. Venue is proper in the Northern District of Georgia under 28 U.S.C. § 1391 (b)-(c) because some of the acts complained of occurred within the State of Georgia and the jurisdiction of this Court and because Defendants maintain their principal places of business within this District.

## III. Parties

8. Plaintiff MICHAEL A. WALKER, JR. resides in Acworth, Georgia (within this District) and is a citizen of the United States. Walker was employed by Defendants as a service technician for chimneys in the Atlanta area. He regularly worked within this District.

9. Defendant CHIMNEY SOLUTIONS, INC. is a corporation based in Georgia which conducts business within this State and District and maintains its

principal place of business at 1155 McFarland 400 Drive, Alpharetta, Georgia 30004. Chimney Solutions owns and operates a service-based business maintaining chimneys in the Atlanta area.

10. Chimney Solutions and its affiliated companies are subject to personal jurisdiction in the State of Georgia for purposes of this lawsuit and can be served through its/their designated agent, John Susong, located at 5305 Oak Grove Circle, Cumming, Georgia, 30028.

11. Defendant JOHN SUSONG is an individual residing within this State and District. J. Susong is the founder and owner of Chimney Solutions. J. Susong maintains either actual or constructive control, oversight and direction of the operations of Chimney Solutions' service technicians, including the employment and practices of those operations.

12. Defendant CHRISTIAN LEBLANC is an individual residing within this State and District. LeBlanc is the President of Chimney Solutions. LeBlanc maintains either actual or constructive control, oversight and direction of the operations of Chimney Solutions' service technicians, including the employment and practices of those operations.

13. At all times material to this action, Defendants were engaged in commerce as defined by Section 203(s)(1)(A) of the FLSA , and had an annual gross volume of business which exceeded $500,000.

14. At all times during Plaintiff's employment with Chimney Solutions, the named Plaintiff and all members of the collective action were all "employees" of Defendants as defined by Section 203(e)(1) of the FLSA, and worked for Defendants within the territory of the United States within ten years preceding the filing of this lawsuit. These same individuals are further covered by Sections 206 and 207 of the FLSA for the period in which they were employed by Defendants.

15. The overtime provisions set forth in Section 207 of the FLSA apply to Defendants.

## IV.   VIOLATIONS OF THE FLSA

16. During the period of time material to this action, Defendants employed Plaintiff and other similarly-situated employees as service technicians for chimneys.

17. Plaintiff was responsible for maintaining chimneys in the Atlanta area.

18. Plaintiff typically worked alone, but would occasionally work with other Chimney Solutions employees.

19. Plaintiff's position as a service technician for Chimney Solutions fails to qualify for an exemption to overtime under the Fair Labor Standards Act.

20. During Plaintiff's employment with Chimney Solutions, Plaintiff frequently worked more than 40 hours per week without adequate compensation.

21. Defendants failed to pay Plaintiff for overtime hours worked at a rate of one and one-half times his regular rate of pay, as required by Section 207 of the FLSA.

22. Upon information and belief, Plaintiff is entitled to $31,106.14 in unpaid overtime compensation from Chimney Solutions. Under the FLSA, Plaintiff is also entitled to an equal amount in liquidated damages, as well as all fees and costs associated with this action.

## V.   SCOPE OF DEFENDANTS' LIABILITY

23. There are numerous similarly situated current and former employees of Chimney Solutions who have been improperly compensated in violation of the FLSA and who would benefit from the issuance of a Court-supervised Notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants and are readily identifiable and locatable through Defendants' records. Specifically, all current and former employees of Defendants and all affiliated entities in Georgia and other states (if applicable) should be notified, who, at any time during the three years preceding the filing date of this Complaint, up through and including the date of this Court's issuance of a Court-supervised notice, have been considered service technicians.

## VI. COUNT ONE

24. Plaintiff hereby repeats and incorporates by reference paragraphs 1-23 herein.

25. By its actions alleged herein, Defendants willfully, knowingly and/or recklessly violated the FLSA provisions and corresponding federal regulations.

26. Defendants have willfully and intentionally engaged in a widespread pattern and practice of violating the provisions of the FLSA, as detailed herein, by failing to pay overtime compensation to current and former employees, including Plaintiff and other similarly situated employees, in accordance with Section 207 of the FLSA.

27. As a result of Defendants' violations of the FLSA, Plaintiff, as well as other similarly situated employees, have suffered damages by failing to receive overtime wages in accordance with Section 207 of the FLSA.

28. Defendants have not made a good faith effort to comply with the FLSA with respect to their compensation of Plaintiff and other similarly situated current and former employees.

29. As a result of the unlawful acts of Defendants, Plaintiff and all current and former employees similarly situated have been deprived of overtime compensation in an amount to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs and other compensation.

## VII. CONCLUSION

WHEREFORE, the named Plaintiff, individually and on behalf of all other similarly situated persons, pursuant to Section 216(b) of the FLSA, pray for the following relief:

   A.  That, at the earliest possible time, they be allowed to give notice of this action, or that the Court issue such Notice, to all persons who are presently, or have at any time during the three years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of Court-supervised Notice, been employed by Defendants as service technicians within the United States. Such notice shall inform them that this civil action has been filed and of the nature of the action, and of their right to opt into this lawsuit if they were not paid by Defendants time and a half for all hours worked in excess of 40 hours in a workweek at any time during the preceding three years.

   B.  That all Plaintiffs be awarded damages in the amount of their respective unpaid compensation, plus an equal amount of liquidated damages.

   C.  That all Plaintiffs be awarded prejudgment interest;

   D.  That all Plaintiffs be awarded reasonable attorneys' fees pursuant to the FLSA, as well as O.C.G.A. §§ 13-6-11 and 9-15-14 to the extent applicable;

E.  That all Plaintiffs be awarded the costs and expenses of this action; and

F.  That all Plaintiffs be awarded such other, further legal and equitable relief, including but not limited to, any injunctive and/or declaratory relief to which they may be entitled.

Respectfully submitted this 13th day of March, 2015.

_____
Tyler B. Kaspers, Ga. Bar No. 445708
William F. Kaspers, Ga. Bar No. 408575
KASPERS & ASSOCIATES LAW OFFICES, LLC
75 14th Street, Suite 2130
Atlanta, GA 30309
404-888-3740 (Phone) / 404-888-3737 (Fax)
tyler@kasperslaw.com

Counsel for Plaintiff MICHAEL A. WALKER, Jr.