IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MICHAEL A. WALKER JR., | |
| Plaintiff/Counter-Defendant | |
| v. | CIVIL ACTION FILE NO. 1:15-CV-00761-LMM |
| CHIMNEY SOLUTIONS, INC., JOHN SUSONG & CHRISTIAN LEBLANC | Trial by Jury |
| Defendants/Counter-Plaintiffs | |

# EXHIBIT 1

## (SETTLEMENT AGREEMENT AND GENERAL RELEASE)

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MICHAEL A. WALKER JR., | : |
| Plaintiff/Counter-Defendant | : |
| v. | : CIVIL ACTION FILE |
| CHIMNEY SOLUTIONS, INC., | : NO. 1:15-CV-00761-LMM |
| JOHN SUSONG & CHRISTIAN LEBLANC | : Trial by Jury |
| Defendants/Counter-Plaintiffs | : |

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

1. This Settlement Agreement and General Release ("Agreement") is entered into this 5th day of May, 2015 by and between Michael A. Walker Jr. (the "Plaintiff") and Chimney Solutions, Inc., John Susong and Christian LeBlanc (collectively "Defendants"), on their own behalf and on behalf of their past and present parents, subsidiaries and affiliates, and their respective past and present predecessors, successors, assigns, representatives, officers, directors, agents and employees.

2. Mutual Non-Admission: This Agreement does not constitute an admission by any party to this Agreement of any violation of any law or statute, and the parties agree that neither this Agreement nor the furnishing of consideration shall be deemed or construed for any purposes as evidence or an admission of liability or wrongful conduct of any kind.

3. Full and Final Resolution: The Plaintiff filed Civil Action No. 1:15-CV-00761-LMN in the United States District Court for the Northern District of Georgia ("the Litigation"). The Plaintiff and Defendants desire to fully and finally resolve the Litigation, and any and all other claims, disputes, or litigation between Plaintiff and any of the Defendants, whether known or unknown, that have been made or could have been made by or on behalf of the Plaintiff against Defendants and/or by or on behalf of Defendant Chimney Solutions, Inc. against Plaintiff relating to conduct or events occurring at any time prior to and including the date on which this Agreement is executed. The Plaintiff represents that no other charges, actions or claims are pending on Plaintiff's behalf against Defendants, and Defendants represent that no other charges, actions or claims are pending on any of the Defendants' behalf against Plaintiff, other than those set forth in this Agreement and in a currently pending state court action filed by Defendant Chimney Solutions, Inc., against Plaintiff relating to actions and claims which arose following the termination of Plaintiff's employment with the Defendants which the parties have agreed to fully and finally settle and resolve in conjunction with the resolution of the instant action.

4. Mutual Consideration

    (a) Dismissal with prejudice of FLSA lawsuit and the entry of an agreed Consent Order in the pending state court action: Plaintiff agrees to dismiss with prejudice

the lawsuit which he filed against Chimney Solutions, Inc., John Susong and Christian LeBlanc, Civil Action No. 1:15-CV-00761-LMN in the United States District Court for the Northern District of Georgia (subject to the Court's approval) and to seek in good faith the Court's approval of the terms of the settlement and approval of the dismissal with prejudice of this case. In consideration for said dismissal, Defendant Chimney Solutions, Inc. agrees to the entry of an agreed Consent Order fully and finally resolving with prejudice any and all claims asserted in the state court action which Defendant Chimney Solutions, Inc. brought and is pending against Plaintiff relating to actions and claims which arose following the termination of Plaintiff's employment with Defendants. Furthermore, Defendants agree to dismiss with prejudice all counterclaims filed by them against the Plaintiff in the federal action.

(b) <u>Mutual Waiver And Release Of All Claims</u>: The Plaintiff, on behalf of Plaintiff, Plaintiff's descendants, dependents, heirs, executors, administrators, assigns, and successors, fully, finally and forever releases and discharges Defendants, their past and present parents, subsidiaries and affiliates, and their respective past and present predecessors, successors, assigns, representatives, officers, directors, agents and employees, from any and all claims and rights of any kind that Plaintiff may have, whether now known or unknown, suspected or unsuspected against Defendants and Industrial Access, Inc., including but by no means limited to those arising out of or in any way connected with Plaintiff's employment with Defendants, as of the date this Agreement is executed. These claims and rights released include, but are not limited to, claims under the Fair Labor Standards Act, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1981, the Equal Pay Act, the Americans With Disabilities Act, the National Labor Relations Act, the Age Discrimination in Employment Act, Sections 503 and 504 of the Rehabilitation Act of 1973, the Family Medical Leave Act, the Employee Retirement Income Security Act, the Occupational Safety and Health Act, the Older Workers' Benefit Protection Act, the Workers' Adjustment and Retraining Notification Act, as amended, state, civil or statutory laws, including any and all human rights laws and laws against discrimination or retaliation, any other federal, state or local fair employment statute, code or ordinance, common law, contract law, or tort, including, but not limited to, fraudulent inducement to enter into this agreement, and any and all claims for costs and attorneys' fees. Plaintiff represents that Plaintiff knows of no claim that Plaintiff has that is not released by this paragraph. The Defendants, on behalf of themselves, as well as their past and present predecessors, successors, assigns, representatives, officers, directors, agents, employees and related corporate entities (including, but not limited to Industrial Access, Inc.), similarly fully, finally and forever release and discharge Plaintiff from any and all claims and rights of any kind that Defendants, or any of them, may have against Plaintiff, whether now known or unknown, other than the right to Plaintiff's future compliance with the Consent Order which the parties have agreed to in the pending state court action.

(c) <u>Confidentiality</u>: Plaintiff agrees that he will keep confidential and will not in any method or manner communicate to any persons or entity of the existence of this lawsuit or the fact that he has settled this matter, with the exception of those persons to whom he has already mentioned this lawsuit, whom he represents to be only his fiancée, Amber Tucker and his father, Michael Walker, Sr. He will instruct his fiancé and father not to communicate to any third parties the fact that

2

he filed this lawsuit, that this matter has been settled, or the terms of the settlement of this matter;

(d) <u>Consent Order To Be Entered in Forsyth County Lawsuit</u>: Plaintiff agrees that in the lawsuit that was originally filed against him in Forsyth County and subsequently transferred to Cobb County, Georgia (per Order To Transfer of April 16, 2015), Civil Action No. 15-CV-0180-3, he consents to the entry of a Consent Order in which the terms of the Employee Restrictive Covenant (attached hereto) and signed by Plaintiff on July 19, 2012, remain in full force and effect until September 26, 2016, and that Plaintiff assents to its enforceability until said date, with the following exception:

> Plaintiff will be allowed to compete against Chimney Solutions, Inc. and advertise in the Counties of Cherokee, Douglas, Paulding, and Cobb County. Plaintiff is not allowed to advertise in any county or area in which he is not allowed to compete.

Plaintiff agrees that upon his acceptance of this Agreement, he will immediately comply with the Employee Restrictive Covenant, as modified above;

(e) <u>Dismissing Claims and Counterclaims in Forsyth</u>: Plaintiff agrees to dismiss with prejudice the counterclaims in his Answer and Counterclaim which he filed in Forsyth County on March 10, 2015, and Defendant Chimney Solutions, Inc., agrees to dismiss with prejudice the claims brought against Plaintiff in the state court action, subject to Plaintiff's compliance with the Consent Order which the parties have agreed to request be entered in said state court action;

(f) <u>Confidentiality and Non-Disclosure:</u> The Plaintiff shall not disclose the fact of or terms of this Agreement to anyone other than Plaintiff's fiancée and the Plaintiff's father, attorney and/or tax and financial advisors, or pursuant to court order, discovery request or subpoena or as otherwise required by law. The Plaintiff agrees to immediately notify Mr. Christian LeBlanc in writing at: Chimney Solutions, Inc., 1155 McFarland 400 Drive, Alpharetta GA, 30004, cleblanc@industrialaccess.com, upon receipt of such a court order, discovery request or subpoena. Should the Plaintiff disclose information about this Agreement to the Plaintiff's fiancée, father, attorney and/or tax and financial advisors, the Plaintiff shall advise such persons that they must maintain the strict confidentiality of such information and must not disclose it unless otherwise required by law. If Plaintiff is asked about this litigation, Plaintiff will respond by saying only, "The matter has been dismissed." In the event that the Plaintiff is compelled by legal subpoena, discovery request or court order to provide information covered by this paragraph, Plaintiff agrees to immediately notify Defendants, by contacting Mr. LeBlanc in writing at the addresses above;

(g) <u>No Future Employment:</u> The Plaintiff agrees and recognizes that Plaintiff's employment relationship with Defendants has been permanently and irrevocably severed. The Plaintiff agrees that if Plaintiff knowingly applies for a position and is offered or accepts a position with Defendants, their parents, subsidiaries, divisions or affiliates, the offer may be withdrawn and the Plaintiff may be terminated without notice, cause, or legal recourse;

3

     (h)    <u>Confidential and/or Proprietary Information:</u> The Plaintiff acknowledges that the provisions in paragraph 4 of the Employee Restrictive Covenant Agreement regarding confidential and proprietary information remain in effect until September 26, 2016.

5.    [This paragraph is intentionally left blank.]

6.    <u>Agreement Contingent On Entry of Court Orders</u>: This entire Agreement, including the Parties' agreement to dismiss claims and counterclaims with prejudice, is expressly contingent on the federal court in the FLSA action (Civil Action No. 1:15-CV-00761-LMN, in the United States District Court for the Northern District of Georgia) approving by Order the settlement of that case, further, that the Court in the Forsyth County (or Cobb, if transferred there) enter the attached Consent Order regarding the Employee Restrictive Covenant.

7.    <u>Non-Interference:</u> Nothing in this Agreement shall interfere with the Plaintiff's right to file a charge, cooperate or participate in an investigation or proceeding conducted by the Equal Employment Opportunity Commission, or other federal or state regulatory or law enforcement agency. However, the consideration provided to the Plaintiff in this Agreement shall be the sole relief provided to the Plaintiff for the claims that are released by the Plaintiff herein and Plaintiff will not be entitled to recover and agrees to waive any monetary benefits or recovery against Defendants in connection with any such claim, charge or proceeding without regard to who has brought such Complaint or Charge.

8.    <u>No Transfer of Claims:</u> The parties represent and warrant that they have not assigned, transferred, or purported to assign or transfer, to any person, firm, corporation, association or entity whatsoever, any released claim or counterclaim. The parties agree to indemnify and hold the opposing party(ies) harmless against, without any limitation, any and all rights, claims, warranties, demands, debts, obligations, liabilities, costs, court costs, expenses (including attorneys' fees), causes of action or judgments based on or arising out of any such assignment or transfer. The Plaintiff further warrants that there is nothing that would prohibit Plaintiff from entering into this Agreement.

8.    <u>No Prevailing Party:</u>   Neither the Plaintiff nor Defendants shall be considered a prevailing party for any purpose.

9.    <u>Breach:</u> The parties acknowledge that if any party materially breaches including but not limited to their respective obligations in the paragraphs pertaining to Confidentiality and Non-Disclosure, Confidential and/or Proprietary Information and/or commences a suit or action or complaint in contravention of the release and waiver of claims provisions of this Agreement, and either party prevails in a dispute regarding those issues, the prevailing party shall be entitled to his or their fees and costs incurred and all other remedies allowed in law or equity.

10.    <u>Entire Agreement:</u> This Agreement contains the entire agreement and understanding between the Plaintiff and Defendants with respect to any and all disputes or claims that the Plaintiff has, or could have had, against Defendants as of the date this Agreement is executed, and supersedes all other agreements between the Plaintiff and Defendants with regard to such disputes or claims (except insofar as Plaintiff's Employee Restrictive Covenant, as modified herein, remains binding as envisioned herein). This Agreement

4

shall not be further changed unless in writing and signed by both the Plaintiff and Defendants.

11. <u>Severability:</u> The invalidity or unenforceability of any provision of this Agreement shall not affect or impair any other provisions, which shall remain in full force and effect.

12. <u>Plaintiff's Acknowledgement:</u> Plaintiff acknowledges that no representation, promise or inducement has been made other than as set forth in this Agreement, and that the Plaintiff enters into this Agreement without reliance upon any other representation, promise or inducement not set forth herein. The Plaintiff further acknowledges and represents that Plaintiff assumes the risk for any mistake of fact now known or unknown, and that Plaintiff understands and acknowledges the significance and consequences of this Agreement and represents that its terms are fully understood and voluntarily accepted. The Plaintiff also acknowledges: (a) that Plaintiff has consulted with or has had the opportunity to consult with an attorney of Plaintiff's choosing concerning this Agreement and has been advised to do so by Defendants; and (b) that Plaintiff has read and understands this Agreement, is fully aware of its legal effect, and has entered into it freely and voluntarily based on Plaintiff's own judgment and/or the Plaintiff's Attorney's advice. Plaintiff acknowledges that Plaintiff has been given a reasonable time to consider the terms of this Agreement. . Plaintiff acknowledges that the proceeds of this Agreement shall not be cause for the recomputation of any of Plaintiff's individual benefits that may have been provided by Defendants. Plaintiff acknowledges that he has not been subjected to any discrimination on account of age and has no claims under the Age Discrimination in Employment Act. Plaintiff also acknowledges that he was properly paid for all time worked from 2009 through his termination date. Plaintiff further understands and acknowledges that Plaintiff is only releasing claims that arose prior to the execution of this Agreement.

13. <u>Defendants' Acknowledgement:</u> Defendants acknowledge that no representation, promise or inducement has been made other than as set forth in this Agreement, and that the Defendants enter into this Agreement without reliance upon any other representation, promise or inducement not set forth herein. The Defendants further acknowledge and represent that Defendants assume the risk for any mistake of fact now known or unknown, and that Defendants understand and acknowledge the significance and consequences of this Agreement and represents that its terms are fully understood and voluntarily accepted. The Defendants also acknowledge: (a) that Defendants have consulted with or has had the opportunity to consult with an attorney of Defendants' choosing concerning this Agreement and has been advised to do so by Plaintiff; and (b) that Defendants have read and understands this Agreement, are fully aware of its legal effect, and have entered into it freely and voluntarily based on Defendants' own judgment and/or the Defendants' Attorney's advice. Defendants acknowledge that Defendants have been given a reasonable time to consider the terms of this Agreement. Defendants further understand and acknowledge that Defendants are only releasing claims that arose prior to the execution of this Agreement.

14. <u>Medicare Benefits Acknowledgement:</u> Plaintiff affirms that Plaintiff is not, and has never been, a recipient of Medicare benefits. Plaintiff further affirms that Plaintiff has not sought medical treatment as a result of the claims asserted in the Litigation.

5

15. <u>Twenty-One Day Consideration Period:</u>  The Plaintiff acknowledges that Plaintiff has been given a period of at least twenty-one (21) days to consider the terms of this Agreement and, if Plaintiff should execute it prior to the expiration of the twenty-one day consideration period, knowingly waives Plaintiff's right to consider this Agreement for twenty-one days.

16. <u>Seven-Day Revocation Period for ADEA Claims:</u>  The Plaintiff acknowledges that Plaintiff may, for a period of seven (7) calendar days following the date of execution of this Agreement, revoke acceptance of Plaintiff's waiver of ADEA claims. The ADEA waiver in this Agreement shall not become effective until the expiration of this seven-day period. Plaintiff acknowledges that once this Settlement Agreement is executed, all other waivers, releases, and terms of this Settlement Agreement are permanently and immediately effective.

17. <u>Headings:</u>  The headings contained in the Agreement are for reference purposes only and shall not in any way affect the meaning or interpretation of this Agreement.

18. <u>Choice of Law:</u>  This Settlement Agreement and General Release is to be interpreted pursuant to the laws of Georgia, except where the application of federal law applies.

**[SIGNATURES ON FOLLOWING PAGE]**

Plaintiff

Michael A. Walker Jr. _____

Date _May 5, 2015_

Sworn to and subscribed before me
This _5_ day of _May_ 2015.
_____
Notary Public

My Commission Expires

[Notary Seal: JAMES S SCHELL, MY COMMISSION EXPIRES MAY 11 2018, CARROLL CO., GEORGIA, NOTARY PUBLIC]

Defendants

By: _____
Chimney Solutions, Inc.
Title: _President_
Date _5-5-15_

Sworn to and subscribed before me
This _5_ day of _May_ 2015.
_____
Notary Public

My Commission Expires

[Notary Seal: JAMES S SCHELL, MY COMMISSION EXPIRES MAY 11 2018, CARROLL CO., GEORGIA, NOTARY PUBLIC]

By: _____
John Susong
Title: _CEO_
Date: _5-5-15_

Sworn to and subscribed before me
This _5_ day of _May_ 2015.
_____
Notary Public

[Notary Seal: JAMES S SCHELL, MY COMMISSION EXPIRES MAY 11 2018, CARROLL CO., GEORGIA, NOTARY PUBLIC]

By: _____
Christian LeBlanc
Title: _President_
Date: _5-5-15_

Sworn to and subscribed before me
This _5_ day of _May_ 2015.
_____
Notary Public

[Notary Seal: JAMES S SCHELL, MY COMMISSION EXPIRES MAY 11 2018, CARROLL CO., GEORGIA, NOTARY PUBLIC]

7